FILED
MAR 24 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **08CR  239** |
| v. ) | Case No. |
| ) | Judge Arlander Keys |
| REYNALDO DIAZ ) | |

## AFFIDAVIT OF INDICTMENT IN REMOVAL PROCEEDINGS

The undersigned Affiant personally appeared before Arlander Keys, a United States Magistrate Judge, and being duly sworn on oath, states: that in the District of Nebraska, REYNALDO DIAZ pleaded guilty pursuant to a plea agreement to a violation of Title 21, United States Code, Section 846 and a forfeiture allegation; and that on the basis of Affiant's investigation and information received concerning the case through official channels, does hereby certify that a Warrant for Arrest is outstanding for the arrest of said defendant based on a U.S. Magistrate Judge's grant of a Petition for Action on Conditions of Pretrial Release (See Attached - Warrant for Arrest, Plea Agreement, and Petition).

Wherefore, Affiant prays that the defendant be dealt with according to law.

_____
Keith Sieks
United States Marshal Service

Subscribed and Sworn to before me this
24th day of March, 2008.

_____
ARLANDER KEYS
United States Magistrate Judge

AUSA HALLEY B. GUREN
(312) 886-4156

13:29 FEB06'03 USMSNE

PS 10
(8/88)

# United States District Court
## for the
## District of Nebraska

**SEALED**

U.S.A. vs Reynaldo Diaz                                    Docket No. 8:02CR205

TO: ¹Any United States Marshal or any agent of the FBI

676315

| WARRANT FOR ARREST OF DEFENDANT 6247-0206-0373-B |||||
|---|---|---|---|---|
| You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her pretrial release imposed by the Court. |||||
| NAME OF DEFENDANT Reynaldo Diaz || SEX Male | RACE White Hispanic | AGE 34 |
| | E) 6, Omaha, Nebraska ||||
| TO BE BROUGHT BEFORE (NAME OF COURT, CITY, STATES) United States Magistrate Thomas D. Thalken Omaha, Nebraska |||||
| CLERK Gary McFarland || (BY) DEPUTY CLERK | | DATE FEB 0 6 2003 |

| RETURN ||| 
|---|---|---|
| WARRANT RECEIVED AND EXECUTED | DATE RECEIVED | DATE EXECUTED |
| EXECUTING AGENCY (NAME AND ADDRESS) |||
| NAME | (BY) | DATE |

---

¹Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the District of Nebraska;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

PS 8
(8/82)

SEALED

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEBRASKA

08 FEB -6
GARY D. McFARLAND
CLERK

U.S.A. vs. Reynaldo Diaz                                            Docket No. 8:02CR205

Petition for Action on Conditions of Pretrial Release

      COMES NOW Jennifer A. Meyerink, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Reynaldo Diaz, who was placed under pretrial release supervision by the Honorable Thomas D. Thalken sitting in the Court at Omaha, Nebraska, on 7/30/02, under the following conditions:

5(a)Truthfully report to the Pretrial Services office as directed.
5(q)Submit to any method of testing required by the Pretrial Services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of the sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

      Respectfully presenting petition for action of Court and for cause as follows:
      (if short insert here; if lengthy write on separate sheet and attach)

On 2/4/03 Mr. Diaz did not report to the Pretrial Services office for his scheduled meeting. Furthermore, the defendant did not call to reschedule the meeting. On 2/4/03 the defendant did not report to Campus for Hope as directed for drug testing. Pretrial Services contacted the defendant's employer, Nebraska Beef, who reported the defendant's last day of work was 1/25/03, subsequently, the defendant was terminated from the employment on 1/31/03 for lack of attendance. Pretrial Services attempted to contact the defendant at his home and learned from a male who answered the telephone that Mr. Diaz has not been seen at the house for 7 days.

PRAYING THAT THE COURT WILL ORDER A WARRANT FOR THE ARREST OF REYNALDO DIAZ SO THAT HE MAY BE REQUIRED TO ANSWER TO THESE ALLEGATIONS. IT IS FURTHER REQUESTED THAT THIS PETITION AND ANY WARRANT BE KEPT UNDER SEAL UNTIL EXECUTION OF THE WARRANT HAS BEEN COMPLETED.

ORDER OF COURT

Considered and ordered this 6th day of
February, 2003 and ordered filed and
made a part of the records in the above case.

_____
U.S. District Judge/Magistrate

Respectfully,

_____
U.S. Pretrial Services Officer

Place:
Date: February 6, 2003



**U.S. Department of Justice**

United States Attorney
District of Nebraska

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

03 JAN 21 PM 3:14

GARY D. McFARLAND
CLERK

1620 Dodge Street, Suite 1400    PH: (402) 661-3700
Omaha, Nebraska 68102-1506    FAX: (402) 345-5724

December 26, 2002

Reynaldo G. Diaz
c/o James E. Mitchell
Attorney at Law
2912 South 115 Avenue
Omaha, Nebraska 68144

    Re:    United States v. Reynaldo G. Diaz 8:02CR205

Dear Mr. Diaz:

    Based upon your representation that you wish to resolve the charge(s) now pending against you and also to cooperate with the District of Nebraska in its investigation into illegal activities, the United States will enter into an agreement with you on the following conditions:

1. You, the defendant herein, will plead guilty to Counts I and VIII of the Indictment. Count I charges a violation of Title 21, United States Code, Section 846, conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. You understand that by entering this plea of guilty, you are exposed to imprisonment of not less than 10 years nor more than life imprisonment, a fine of not more than $4,000,000, both such imprisonment and fine, at least 5 years of supervised release, and a $100 special assessment. You also agree to plead guilty and give up any right or claim to the property identified in count VIII of the Indictment. Count VIII is a forfeiture count for $24,900 in United States currency and $14,282.65 in United States currency. You are aware that certain prior convictions may enhance the penalties specified above. You are also aware that violation of supervised release may add additional time of imprisonment. See Title 18, United States Code, Section 3583(e)(3). The United States will make a motion to dismiss to count V at time of sentencing.

1a. Provided that you demonstrate acceptance of responsibility to the Probation Office and to the Court, the undersigned Special Assistant United States Attorney stipulates that you notified authorities in a timely manner of your intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

2. You will enter a plea of guilty to the Indictment set forth in paragraph 1 of this agreement at such time as may be exclusively determined by the United States Attorney for the District of Nebraska, or his designate, upon reasonable notice to you.

3. By signing this agreement, you agree to cooperate with the United States in the investigation or prosecution of other persons who have committed one or more criminal offenses. You shall truthfully answer all questions asked of you by the United States Attorney for the District of Nebraska, his designate, and/or law enforcement agents, and shall truthfully disclose and volunteer to the United States Attorney for the District of Nebraska, his designate, and/or law enforcement agents, all information regarding your activities and that of others in all criminal matters of which you currently have knowledge or hereafter acquire knowledge. You shall not withhold any information. You shall neither protect nor harm any person or entity through false information or omission. You shall not falsely implicate any person or entity. You shall forthwith furnish any documents in your custody or possession or under your control that are relevant to the investigation. You shall accompany agents of the United States and/or agents of designated state or local law enforcement agencies to any location of their choosing in order to accomplish such full disclosure. Further, you shall cooperate with law enforcement agencies in any manner requested of you in any on-going investigation. You shall truthfully testify before the Grand Jury and/or at any trial or other court proceeding, regarding any matters about which the United States Attorney for the District of Nebraska, or his designate, may inquire. You shall also make yourself available for interview by attorneys and law enforcement officers upon request and reasonable notice and assist them in any manner requested of you in regard to any on-going criminal investigation. If your continuing cooperation requires the approval of the Court, you agree to actively assist in the acquisition of such approval. Your cooperation commences with your signing of this document. Once this document is signed, you shall commit no crimes whatsoever.

4. Any cooperation provided by you will be considered by the United States Attorney, or his designate, under Sentencing Guideline § 5K1.1, and/or, separately, under Title 18 U.S.C. § 3553(e), and/or, separately, under Federal Rule of Criminal Procedure 35 (b). The United States Attorney, or his designate, in his or her sole discretion, will determine whether and to what extent any such motions should be filed. You understand that if you violate this plea agreement in any respect, your value as a witness is substantially diminished and your cooperation will not be considered to be substantial and the United States Attorney, or his designate, will not be bound to file any motions pursuant to this paragraph. You understand that the United States Attorney for the District of Nebraska, and his designates, do not consider any cooperation to be substantial until completed and therefore subject to evaluation as a whole. Therefore, motions pursuant to Sentencing Guideline § 5K1.1 and/or Title 18 U.S.C. § 3553(e) shall be made prior to sentencing only if your cooperation has been thoroughly completed prior to sentencing; if the United States attorney, or his designate, in his or her sole discretion concludes that it may be necessary for you to testify in a Grand Jury proceeding, trial, sentencing hearing or any other court hearing regarding the information you have provided in the investigation and/or prosecution of other persons who have committed an offense, your cooperation will not be considered to be completed until such testimony is concluded. If your continued cooperation is anticipated at the time of sentencing, the government shall file a motion pursuant to Rule 35 (b) of the federal Rules of Criminal Procedure within a reasonable time following sentencing that advises the court of your continuing cooperation and that requests a hearing at such time as the United States advises the Court that your cooperation has been completed as anticipated. You knowingly and voluntarily waive any and all challenges to the government's decision to not file or seek a motion

pursuant to Sentencing Guideline § 5K1.1 and/or Title 18 U.S.C. § 3553(e) prior to the completion of your cooperation, and you agree to join with the government in motioning the Court from time to time for one or more continuances of any Rule 35 (b) motion filed herein, until such time as your cooperation has been completed. The United States' obligation herein is limited to its filing of the motion(s) indicated in this paragraph, and this agreement is in no sense contingent upon the sentencing Court's grant or denial of the United States' motion(s) to depart from the sentencing guidelines and/or, separately, from the statutory minimum sentence. By signing this agreement, you acknowledge that you have been fully advised by your attorney regarding your rights to challenge the failure of the United States Attorney for the District of Nebraska, or his designate, to move for any departure contemplated by the terms and conditions of this plea agreement, including actions pursuant to 28 U.S.C. §§ 2255 and 2241 and coram nobis actions, and you knowingly and voluntarily waive any right which you may have to challenge the government's decision to not file or seek a downward departure pursuant to Sentencing Guideline §5K1.1, Title 18 USC 3553 (e), and/or Rule 35 (b), except upon a substantial threshold showing by you that any such decision was based upon an unconstitutional motive related to your race, religion, gender, or national origin, or except upon an appropriate showing of a violation of your Sixth Amendment Right to Counsel. You further acknowledge that you have received no assurances nor promises as to what sentence will be imposed by the Court.

5. For the purpose of determining an appropriate sentence within the guideline range specified for this offense, even if no motion is filed pursuant to paragraph four, the United States Attorney for the District of Nebraska, or his designate, will bring your cooperation to the attention of the United States District Court having jurisdiction over any sentencing proceeding involving you, either in open court, or by other reasonable and lawful means, according to the wishes of you and your counsel. By signing this agreement, you acknowledge that this provision, paragraph five, neither addresses nor entitles you to the filing of a motion for downward departure from the sentencing guidelines and/or the statutory minimum sentence, or a Rule 35 (b) motion, by the United States Attorney for the District of Nebraska, or his designate.

6. By signing this agreement, you waive any and all rights under the Speedy Trial Act and acknowledge that you understand and agree that sentencing may be delayed until the cooperation anticipated by this agreement has been completed. You stipulate that any such delay is in your best interests, is in the interest of justice, and constitutes full and sufficient grounds for the Court to find that any delay in this judicial process regarding you is excludable time in computing compliance with any federal speedy trial requirements which may apply to this matter. This waiver is necessary so that the Court can have the benefit of all relevant information regarding your cooperation at the time of sentencing.

7. Should it be concluded by the United States Attorney for the District of Nebraska, or his designate, in his sole discretion, that, in order to facilitate securing this document, or, after signing this document, you have given false, incomplete, or misleading testimony or information, have committed a crime, or have otherwise violated any provision of this agreement, you understand that you shall be considered to have violated this plea agreement and you agree that the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline

to file any sentencing recommendation or motion for downward departure the government is otherwise bound by this agreement to give. You understand and agree that, additionally, you shall then be subject to prosecution for any federal, state, or local criminal violation of which this office has knowledge, including, but not limited to, perjury, obstruction of justice, and any crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by you, including any such information, statement or testimony given under this agreement, and such information deduced and derived therefrom. No statement or other information provided by you shall be deemed to be precluded from use against you in the event of your breach of this agreement. By signing this agreement, you expressly waive your objection to the use of any such statements, testimony, or information to which you may otherwise be entitled to object in any federal prosecution, now or at any time in the future.

8. This agreement is limited to the United States Attorney's office for the District of Nebraska and does not bind any other federal, state or local prosecuting authorities, although this office will bring your cooperation to the attention of other prosecuting authorities, if so requested.

9. The parties hereby agree that you should be held responsible beyond a reasonable doubt for at least 1.5 kilograms but less than 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine and, therefore, pursuant to U.S.S.G. §2D1.1, the defendant's base offense level is 34.

10. By signing this agreement, you agree that any or all information available to the U.S. Probation Office through provisions of pretrial services may be used by the probation office in preparing and submitting its presentence report and may be disclosed to the Court for purposes of sentencing. You hereby waive any objection to the use of such information for purposes of sentencing. However, information provided by you, which is not otherwise available to the government, shall not be used against you for sentencing pursuant to §1B1.8 of the Sentencing Guidelines.

11. Pursuant to Title 18, United States Code, Section 3013, the Court is obligated to impose at sentencing a mandatory special assessment of $100.00 for each felony count to which you enter a plea of guilty.

12. By signing this agreement, you acknowledge that, in the event you violate any term or condition of this agreement, you shall not, because of such violation of this agreement, be allowed by either the Court or the United States Attorney for the District of Nebraska, or his designate, to withdraw your plea of guilty.

13. Should the Court for any reason not accept this plea agreement, this plea agreement shall be considered null and void, and the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline to file any sentencing recommendation or motion for a reduced sentence due to your cooperation the government is otherwise bound by this agreement to give regarding sentencing, and the United States may then prosecute you for law violations which the United States had otherwise promised in this agreement not to pursue.

14. Even if you breach this agreement, should you be convicted of any of the crimes in the Indictment filed in this case, the United States must still, in conformity with procedures specified in paragraph five of this agreement, bring to the attention of the sentencing court any acts of prior or ongoing cooperation provided by you.

15. Since your acceptance of this agreement terminates all plea discussions with the United States Attorney for the District of Nebraska, or his designate, any statements made by you after the date of your acceptance of this agreement are not governed by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

16. In addition to criminal prosecution purposes, the United States can use against you any disclosure(s) you have made pursuant to this agreement in any civil proceeding or for any sentencing purpose.

17. Nothing contained in this agreement shall in any manner limit your civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing against you any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

18. The plea agreement proposed herein may be withdrawn by the United States Attorney for the District of Nebraska, or his designate, at any time prior to acceptance by you. Acceptance is deemed to occur when this document has been signed by you and your attorney and has been stamped as received in the offices of the United States Attorney for the District of Nebraska.

19. No promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

1/21/03
Date

1/21/03
Date

1/21/03
Date

Reynaldo. Diaz
Reynaldo G. Diaz

James E. Mitchell
Attorney for Defendant

Thomas J. Kangior
Special Assistant United States Attorney

20. Upon request by the United States Attorney for the District of Nebraska, or his designate, you will submit to a polygraph examination. In the event you are called upon by the United States to submit to a polygraph examination, and the examiner concludes that you are deceptive and/or misleading, you will be afforded an opportunity to review and explain the deceptive or misleading responses to the United States Attorney for the District of Nebraska, or his designate. If the totality of circumstances convinces the United States Attorney for the District of Nebraska, or his designate, in his/her sole discretion, that your statement is not complete, straightforward and truthful, you will be so informed and any and all obligations imposed on the United States by this agreement may be rendered null and void by the United States Attorney for the District of Nebraska, or his designate, in his/her sole discretion, and the consequences of violating this agreement by the defendant, set forth above in this agreement, will apply.

1/21/03
Date

Reynaldo. D. '02
Reynaldo G. Diaz

1/21/03
Date

James E. Mitchell
Attorney for Defendant

1/23/03
Date

Thomas J. Kangior
Special Assistant United States Attorney